
DA 12-0525

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 172

RICHARD MOTTA,

      Plaintiff and Appellant,

  v.

GRANITE COUNTY COMMISSIONERS,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Granite, Cause No. DV 11-16
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Richard Motta, self represented; Philipsburg, Montana

      For Appellees:

      Susan Brooks Swimley; Attorney at Law; Bozeman, Montana

Submitted on Briefs: March 20, 2013

Decided: July 2, 2013

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 In this action, Richard Motta asked the Third Judicial District Court, Granite County, to declare void the Granite County Commissioners' 2011 creation of a Georgetown Lake zoning district. Instead, the District Court entered summary judgment that Granite County properly had enacted the Georgetown Lake zoning. The court also determined Motta to be a vexatious litigant and ordered him to pay the County Commissioners' attorneys' fees. Motta appeals. We affirm, except for the portion of the judgment that requires Motta to pay the County Commissioners' attorneys' fees incurred for seeking attorneys' fees.

¶2 The issues are:

¶3 *1. Did the District Court correctly rule that Granite County properly enacted the 2011 Georgetown Lake zoning in compliance with §§ 76-2-201 through -228, MCA?*

¶4 *2. Did the District Court properly determine Motta to be a vexatious litigant?*

¶5 *3. Did the District Court err in its award of attorneys' fees to the County Commissioners?*

**BACKGROUND**

¶6 The Granite County Commissioners enacted the Georgetown Lake Zoning District and Regulations by resolution in April of 2011. As documented in the "whereas" sections of the resolution, the process began in 2008, when "a contingency of citizens from Georgetown Lake" approached the County Commissioners with a request that the county pursue a zoning district in that area under Title 76, Chapter 2, MCA. The County Commission authorized the citizens to draft and present proposed zoning regulations to

2

the Granite County Planning Board and County Commissioners for consideration. At a series of public meetings and a public hearing, the Planning Board reviewed and amended the draft revisions. In October 2010, the Planning Board approved the regulations, as amended, and presented them to the County Commissioners with a recommendation for approval. After conducting a public hearing in February 2011, the County Commissioners made revisions and amendments in accordance with § 76-2-205(3), MCA. They allowed a 30-day period for submission of written protests and then, in April 2011, entered a resolution creating the Georgetown Lake Zoning District and adopting the regulations as amended.

¶7 The following month, Motta filed this action. He asked the District Court to enter declaratory judgment voiding the County Commissioners' resolution to create the Georgetown Lake Zoning District and to adopt the Georgetown Lake Zoning Regulations. The County Commissioners' answer to Motta's complaint included a counterclaim asking the court to declare Motta a "vexatious litigant" because he had "sued the County and its agents multiple times and used the court system inappropriately which is an abuse of the judicial system" and "filed [the present case] based upon inapplicable law forcing [the County Commissioners] to file answers and motions to resolve this matter," and because his "abuses to the judicial system are numerous, without merit and frivolous."

¶8 Following discovery, Motta and the County Commissioners filed cross-motions for summary judgment. The District Court held a hearing on the motions and later

3

entered an order denying Motta's motion and granting the County Commissioners summary judgment on the merits of Motta's complaint.

¶9 Following a bench trial on the County Commissioners' counterclaim, the court issued findings, conclusions, and an order determining Motta to be a vexatious litigant. The court prohibited Motta from filing any more actions against government entities without permission from the court. The court further determined that Motta should pay for the costs and fees incurred in this action, and directed the County Commissioners to submit an affidavit of the County's costs and attorneys' fees. Following a hearing, the District Court entered judgment against Motta in the amount of $16,244.25. Motta appeals.

## DISCUSSION

¶10 *Issue One: Did the District Court correctly rule that Granite County properly enacted Georgetown Lake zoning in compliance with §§ 76-2-201 through -228, MCA?*

¶11 Under M. R. Civ. P. 56(c), summary judgment is proper if the materials filed with the court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

¶12 As he did in the District Court, Motta complains that the Georgetown Lake zoning is illegal because it was not preceded by a petition signed by sixty per cent of the affected property owners, as required under § 76-2-101, MCA. Motta claims that, in the Granite County Growth policy, the citizens of Granite County stipulated that zoning be initiated by petition of the local landowners. Motta placed into the District Court record selected pages from the Granite County Growth Policy.

4

¶13 Nothing in the selected pages Motta filed from the Growth Policy prohibits the County Commissioners from enacting zoning in any manner authorized by Montana law. Motta doggedly continues to fail to acknowledge that, under Montana statutes, local zoning districts may be established in either of two ways--by citizen petition to the board of county commissioners under Title 76, chapter 2, part 1, MCA (known as "Part 1 zoning"), or directly by the board of county commissioners under Title 76, chapter 2, part 2, MCA (known as "Part 2 zoning"). *See Helena Sand & Gravel, Inc., v. Lewis & Clark County Planning & Zoning Comm'n*, 2012 MT 272, ¶ 6, 367 Mont. 130, 290 P.3d 691.

¶14 Section 76-2-201, MCA, provides in part:

> (1) For the purpose of promoting the public health, safety, morals, and general welfare, a board of county commissioners that has adopted a growth policy pursuant to chapter 1 is authorized to adopt zoning regulations for all or parts of the jurisdictional area in accordance with the provisions of this part.

It is undisputed that the Granite County Commissioners had adopted a county-wide growth policy before they enacted the Georgetown Lake zoning. Although the Georgetown Lake zoning process was initiated following a request by citizens, the procedures followed were those set forth at Title 76, chapter 2, part 2. That part includes criteria and guidelines for zoning regulations, as well as requirements for notice to the public and public hearings during the establishment of boundaries for zoning districts and the adoption of zoning regulations.

¶15 Motta has concentrated all of his arguments under this issue on whether the Georgetown Lake zoning complied with the procedures set forth in Title 76, chapter 2, part 1. He does not argue that the County Commissioners failed to follow the procedures

set forth in Title 76, chapter 2, part 2, which—as noted—the Growth Policy did not prohibit. Absent any claim that the statutory requirements of Title 76, chapter 2, part 2 were not met, we uphold the District Court's summary judgment ruling that Granite County properly enacted Georgetown Lake zoning in compliance with §§ 76-2-201 through -228, MCA.

¶16 *Issue Two: Did the District Court properly determine Motta to be a vexatious litigant?*

¶17 Citing *State ex rel. Hillis v. Sullivan*, 48 Mont. 320, 137 P. 392 (1913), for the long-acknowledged proposition that Montana district courts possess inherent power to sanction willful or reckless conduct, especially when combined with frivolousness, harassment, or improper purpose, the District Court declared Motta a vexatious litigant and imposed restrictions on his ability to file future lawsuits in the Third Judicial District. The court ordered that no documents presented by Motta pro se naming a governmental entity, its employees, or agents as a party shall be accepted for filing by any court within the Third Judicial District absent written consent of the District Court Judge "acknowledging that the document adequately demonstrates a basis in Montana law, and in fact, and adheres to the requirements of the Montana Rules of Civil Procedure." Motta argues that this restriction on his right to file pro se complaints against government entities is a denial of his constitutional right to seek redress of grievances for governmental actions.

¶18 Article II, Section 16 of the Montana Constitution guarantees every person access to the courts of this state:

6

> Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. . . . Right and justice shall be administered without sale, denial, or delay.

We have held that Article II, Section 16 does not grant a person license to burden the resources of the court with successive claims. *See Langemeier v. Kuehl*, 2001 MT 306, ¶ 31, 307 Mont. 499, 40 P.3d 343. The right to access the state's legal system is not an absolute right and may be reasonably restricted in light of a "legitimate state interest." *Peterson v. Great Falls Sch. Dist. No. 1 & A*, 237 Mont. 376, 380, 773 P.2d 316, 318 (1989).

¶19 Other states have enacted statutes or rules of court concerning the placement of restrictions upon "vexatious litigants'" access to the courts. *See e.g.* Cal. Code Civ. Proc. § 391.7; Tex. Civ. Prac. & Rem. Code Ann. § 11.101. Montana does not have such a statute or rule. However, we have approved such restrictions in at least one case. In *Langemeier*, ¶ 32, we upheld a clause in an arbitration award restraining litigants from further contesting matters that already had been decided.

¶20 The federal courts, which apparently also have no specific court rule on the subject, have developed a body of case law concerning "vexatious litigants." *See e.g. Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). The District Court relied upon factors identified in *Molski* in this regard. The Ninth Circuit U.S. Court of Appeals reviews pre-filing orders entered against vexatious litigants to determine whether the litigant was given notice and a chance to be heard before the order was entered; whether the trial court has compiled "an adequate record for review;" whether the trial court has made substantive findings about the frivolous or harassing nature of the

7

plaintiff's litigation; and whether the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1057 (citations omitted). The Ninth Circuit also has employed a five-factor test to examine whether a pre-filing order is justified:

> (1) the litigant's history of litigation and, in particular, whether it has entailed vexatious, harassing, or duplicative lawsuits;
> (2) the litigant's motive in pursuing the litigation; e.g., whether the litigant has an objective good faith expectation of prevailing;
> (3) whether the litigant is represented by counsel;
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
> (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski*, 500 F.3d at 1058.

¶21 Before declaring Motta a vexatious litigant, the District Court entered detailed findings of fact on the history of this case. The court found that

> [i]n the present case, Mr. Motta followed the portions of the Court's order that he liked. He intentionally ignored or misconstrued this Court's Order on several occasions: Mr. Motta failed to send discovery in a timely manner; he refused to answer the Defendant Commissioners' discovery requests; he sought sanctions against one attorney alleging that the attorney was a party and failed to attend the settlement conference even though Mr. Motta was present, knew all three County Commissioners and their other attorney was present; he mailed discovery questions unrelated to the present case to Defendant County Commissioners four months after the closure of discovery; he filed a motion to change the settlement master two days before the settlement meeting, which had been scheduled for six weeks; he filed three motions that were directed to preventing Defendant County Commissioners from having their counterclaim heard. This was all on top of Mr. Motta's admission that there are two separate schemes in Montana to enact zoning: §§ 76-2-101 et seq., MCA (Petitioned Zoning) and §§ 76-2-201 et seq., MCA (County Zoning); that the separate statutes do not intertwine; and that even though Granite County complied with the provisions of §§ 76-2-201, MCA et seq., enactment, that because Granite County didn't use petitioned county zoning, the zoning should be voided.

8

In addition to Motta's actions in this case, the court made detailed findings about other court actions filed by Motta during the past several years. The court found that Motta has filed no fewer than "thirteen (13) separate actions (including the present case), [in] most of which he has appealed the lower court ruling to the Montana Supreme Court." The court concluded "Plaintiff Richard Motta has abused the judicial process and harassed other parties. . . . [He] is likely to continue to abuse the judicial process and harass other parties. . . . [He] has had adequate notice of proposed sanctions against him and an opportunity to oppose them. . . . The record for review in this case clearly establishes that Richard Motta is abusing the judicial process. . . . Richard Motta has taken actions that are frivolous and harassing."

¶22 Under *Sullivan*, *Langemeier*, and *Peterson*, the District Court possessed authority to restrict a vexatious litigant's access to the courts. Before declaring Motta a vexatious litigant, the District Court provided him with notice and an opportunity to be heard; the court made substantive findings about the frivolous and harassing nature of Motta's current and previous litigation, and the court's order restricting Motta's right to file pro se actions against government agencies in the Third Judicial District is narrowly tailored. The District Court's findings also addressed the five substantive factors identified by the Ninth Circuit for determining someone to be a vexatious litigant. Those factors clearly support the District Court's determination that Motta is a vexatious litigant, and its order was a proper exercise of the court's inherent authority to place reasonable restrictions on access to its resources.

9

¶23 We hold that the District Court did not err in determining that Motta is a vexatious litigant.

¶24 *Issue Three: Did the District Court err in its award of attorneys' fees to the County Commissioners?*

¶25 The District Court ordered Motta to pay for "the costs and fees of this action," without citing authority for that ruling. The attorney for the County Commissioners then filed and served a memorandum of attorneys' fees and costs, listing costs of $1,141.75 and fees of $11,101, and the court held a hearing to determine the reasonableness of the amount of costs and attorneys' fees. At that hearing, the County Commissioners presented testimony of an expert witness who attested to the reasonableness of the hours claimed by their attorneys for this action and of the hourly rate charged. Counsel later filed an amended memorandum of fees and costs, documenting additional costs of $2,000 and fees of $2,001.50 incurred in defending the fees and costs. The court entered a judgment against Motta in the amount of $16,244.25, plus interest.

¶26 Motta complains that, had the County Commissioners used the services of the Granite County Attorney, attorneys' fees would have been reduced. He also points out that attorneys' fees are not considered costs. He cites § 27-8-311, MCA, which allows a court to award such costs as are equitable and just, and says the award of attorneys' fees is not equitable and just under that statute.

¶27 Motta did not present any evidence at the hearing on fees that the Granite County Attorney could have represented the County Commissioners in this action. His questioning of the County Commissioners' fee expert at the hearing yielded a response

10

that she did not know why the County Attorney did not represent the County Commissioners in this action, but she knew that it was common for outside counsel to represent county commissioners in civil actions.

¶28 Motta is correct that attorneys' fees are not part of the costs allowed to a prevailing party under § 27-8-311, MCA, and M. R. Civ. P. 54(d). Montana follows the American Rule, under which a party in a civil action generally is not entitled to attorneys' fees absent a specific contractual or statutory provision. *Montanans for the Responsible Use of the School Trust v. State ex rel. Bd. of Land Comm'rs*, 1999 MT 263, ¶ 62, 296 Mont. 402, 989 P.2d 800. However, an equitable exception exists under which "a district court may award attorney's fees to make an injured party whole under its equity powers." *Erker v. Kester*, 1999 MT 231, ¶ 44, 296 Mont. 123, 988 P.2d 1221.

¶29 The equitable exception to the American Rule on attorneys' fees is applicable where the action into which the prevailing party has been drawn is without merit or frivolous. *See Erker*, ¶ 44. Such awards are to be determined on a case-by-case basis. *Foy v. Anderson*, 176 Mont. 507, 511, 580 P.2d 114, 117 (1978).

¶30 We have affirmed the finding that Motta is a vexatious litigant based in part on his actions in this case. We conclude that the District Court acted within its equitable powers when it ordered Motta to pay the County Commissioners' attorneys' fees as a sanction for drawing the County Commissioners into this meritless and frivolous action. With the exception discussed immediately below, we conclude further that the County Commissioners supported their memoranda of costs and fees with sufficient evidence that the costs and fees were reasonable in amount.

11

¶31 We determine, however, that this is not a case in which extraordinary circumstances justify an award of attorneys' fees expended by the prevailing party in proving the amount and reasonableness of his attorneys' fees. Even within the category of cases excepted from the American Rule, such fees generally are not awarded. *See DeVoe v. City of Missoula*, 2012 MT 72, ¶ 29, 364 Mont. 375, 274 P.3d 752 ("While there are cases holding that time spent determining fees is a crucial part of the case, . . . those cases arise from statutory entitlements to attorney fees. They do not arise from an award of attorney fees under *Foy*[.]"). As a result, we conclude that the fees-for-fees amount of $2,001.50 must be deducted from the judgment entered against Motta.

¶32 The District Court is ordered to enter a corrected judgment against Motta in the amount of $14,242.75. In all other respects, the judgment of the District Court is affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER