

DA 12-0772

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 262N

DOUGLAS JAMES GUILL,

       Petitioner and Appellant,

  v.

CANDACE KATHLEEN GUILL,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                    In and For the County of Lincoln, Cause No. DR 06-101
                    Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Scott G. Hilderman, Law Offices of Scott G. Hilderman, P.C.; Kalispell, Montana

       For Appellee:

              Amy S. Rubin, Rubin and Ries Law Offices, PLLC; Missoula, Montana

                            Submitted on Briefs:  August 21, 2013

                                      Decided:  September 10, 2013

Filed:

                               Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Douglas James Guill (Douglas) appeals the orders of the Nineteenth Judicial District Court, Lincoln County, that entered judgments in favor of Douglas's former wife, Candace Kathleen Guill (Candace). We affirm.

¶3 The parties divorced in 2007. The District Court awarded Candace $564,900 for her share of the parties' marital estate. The court directed Douglas to pay this amount to Candace within sixty days. Douglas's failure to pay within the sixty days would require him to deed real property located at 97 Golden Pond Drive, Heron, Montana, to Candace. Candace was to sell the property and receive the $564,900 from the proceeds. Douglas would receive the balance if any. The court further directed that if the 97 Golden Pond Drive property failed to generate the $564,900, Douglas was required to deed to Candace the property located at 131 Lower Mosquito Creek in Clark Fork, Idaho for the same process to be followed, until Candace had received her share of the marital estate. This Court affirmed. *Guill v. Guill*, 2008 MT 279N, 346 Mont. 546, 210 P.3d 701.

¶4 Four years later Douglas moved the court to award certain items of property to him, including fixtures, appliances, furnishings, building materials, and tools that Douglas, through his agent, Rick Christensen (Christensen), had removed from the real property at 97

2

Golden Pond Drive. The District Court determined instead that the contents of the house and the fixtures belonged to Candace.

¶5 Douglas and Christensen failed to comply with the District Court's order to return the personal property or pay replacement costs. Candace sought a judgment against Douglas and Christensen in the amount of $104,552 to compensate for the personal property. The District Court entered this judgment on October 5, 2012.

¶6 The sale proceeds from Candace's earlier sale of the 97 Golden Pond Drive property had not satisfied Candace's share of the marital estate. Candace sought to join Christensen as a necessary party to the dissolution proceeding after Christensen, acting as Douglas's power of attorney, had transferred the Lower Mosquito Creek Property in Idaho into his own name by signing quit claim deeds in April 2012 as both the grantor and grantee. The District Court agreed. The District Court eventually granted a judgment to Candace on November 15, 2012, that ordered the transfer of the Mosquito Creek Property to her to satisfy the terms of the decree of dissolution. The court also granted a judgment to Candace for the transfer of other real property contained in the marital estate, including additional lots in Clark Fork, Idaho, to satisfy the judgment entered on October 5, 2012, of $104,552, for the lost personal property. Douglas appeals.

¶7 Douglas argues on appeal that the District Court lacked jurisdiction to order the return of the 97 Golden Pond Drive personal property because the District Court improperly had modified the dissolution decree. Douglas contends for the same reason that the District Court lacked jurisdiction to order the transfer of the other real property in Clark Fork, Idaho to satisfy the $104,552 judgment that Candace obtained against Douglas and Christensen.

3

¶8　　We review for abuse of discretion of the distribution of a marital estate and the evaluation of their distributions. *Bock v. Smith*, 2005 MT 40, ¶ 14, 326 Mont. 123, 107 P.3d 488. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court did not abuse discretion when it awarded real property to Candace to satisfy the terms of the 2007 decree of dissolution and the separate judgment of October 5, 2012. We will tolerate no further efforts by Douglas and Christensen to delay Candace's receipt of her fair share of the marital estate.

¶9　　Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE