FILED

December 2 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0801

DA 13-0801

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 316

IN RE THE MARRIAGE OF:

DOUGLAS JAMES GUILL,

   Petitioner and Appellant,

 v.

CANDACE KATHLEEN GUILL,

   Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Nineteenth Judicial District, In and For the County of Lincoln, Cause No. DR-06-101 Honorable James B. Wheelis, Presiding Judge |

COUNSEL OF RECORD:

   For Appellant:

   Douglas J. Guill, Self-Represented, Shelby, Montana

   For Appellee:

   Amy S. Rubin, Brandi R. Ries, Rubin and Ries Law Offices, PLLC, Missoula, Montana

          Submitted on Briefs: October 15, 2014
              Decided: December 2, 2014

Filed:

                   Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1    The dissolution of Douglas and Candace's marriage originally came before us in 2006. Multiple appeals and other related cases have followed. In this appeal, Doug challenges the Amended Judgment issued on October 29, 2013, by the Nineteenth Judicial District Court. In that judgment, the District Court revised downward the amount of money Doug owed Candace from an earlier judgment, and granted Candace the right to have the judgment entered as a foreign judgment in Idaho where Doug retains property. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    We do not repeat the underlying facts of this lengthy and bizarre case. For a detailed factual and procedural background, see *State v. Guill*, 2010 MT 69, 355 Mont. 490, 228 P.3d 1152 and *State v. Guill*, 2011 MT 32, 359 Mont. 225, 248 P.3d 826.

¶3    Doug has been incarcerated since 2006 and is serving fifty years without the possibility of parole. Before his incarceration, he owned improved real property in Heron, Montana, and on Mosquito Creek in Clark Fork, Idaho. Additionally, he owned three other Clark Fork parcels of property. All of these properties were in Doug's name. He also owned and operated a heating and air conditioning business. Rick Christensen worked for him at that time and continues to operate the business on Doug's behalf.[1]

¶4    In August 2007, the District Court granted dissolution of the marriage and valued the real property of the marital estate at $1,129,800. This amount included the Heron house and land at $775,000 and the improved property on Mosquito Creek at $173,000. The court

---

[1] Christensen is Doug's current wife's brother and has acted as Doug's agent since Doug's incarceration. He was joined as a petitioner in this action in November 2012.

2

awarded Candace $564,900, with provisions for interest. Doug was unable to satisfy payment of this award within the prescribed time; therefore, as provided in the dissolution order, the Heron property was deeded to Candace. Candace vacated the Heron home but rented it to Christensen who continued to operate Doug's business out of the home and provided caretaker services for the property. With the help of a realtor, Candace made multiple attempts to the sell the property at prices ranging from $549,000 down to $249,000, but was unable to do so.

¶5 Candace eventually evicted Christensen in March 2011. When she returned to the Heron property, Candace discovered that Christensen had removed numerous fixtures, appliances, outdoor equipment, furniture and other items from the house and property. In June 2011, Doug moved the District Court to award these items and others to him. In March 2012, the District Court denied Doug's motion and awarded the contents of the house and the fixtures to Candace. The missing property was itemized and the court ordered Doug and Christensen to return it. While Christensen returned some items, he failed to return many others.

¶6 In August 2012, and upon discovery of serious structural deficiencies in the home, Candace sold the Heron house and land "as is" for $200,000. After costs and fees, Candace received $178,462 from the sale of the Heron property toward her dissolution award of $564,900. On October 5, 2012, after numerous motions and challenges, the court entered judgment holding Doug and Christensen jointly and individually liable to Candace in the amount of $104,552 for the items missing from the Heron property. Doug appealed and we affirmed in a non-citable opinion. *Guill v. Guill*, 2013 MT 262N.

¶7   On October 29, 2013, the District Court amended the judgment to reflect that Candace had collected $961.56 under the October 5, 2012 judgment. Consequently, Doug and Christensen owed her $103,590.44 rather than $104,552. The court also held that Candace has the right to have the judgment entered as a foreign judgment in Idaho against both Doug and Christensen and any business or trust fund assets owned by either of them. It also authorized immediate transfer to Candace of any real property (and all personal property located upon the real property) held by either Doug or Christensen to satisfy the judgment. Doug appeals this Amended Judgment.

## ISSUE

¶8   Did the District Court have the legal authority to attach "any business assets owned by any business owned and/or operated by either or both petitioners?"

## STANDARD OF REVIEW

¶9   We review a district court's legal conclusions for correctness. *In re Estate of Hannum*, 2012 MT 171, ¶ 19, 366 Mont. 1, 285 P.3d 463 (internal citation omitted).

## DISCUSSION

¶10   *Did the District Court have the legal authority to attach "any business assets owned by any business owned and/or operated by either or both petitioners?"*

¶11   The District Court initially determined in March 2012 that Christensen had removed personal property and equipment—on Doug's orders—from Candace's Heron home and that these items did not belong to Doug personally or to his company. The court ordered that Christensen return the items or that Doug and/or Christensen replace them or compensate Candace for them within 10 days, or they both would be held civilly liable. Doug responded

4

to the March order by filing multiple motions that were stricken on the ground that he was represented by counsel and was not permitted to file motions on his own behalf. Notably, none of these motions argued that he did not own a company with assets.

¶12    In April 2012, Doug's counsel, on behalf of Doug and Christensen, moved to amend the March 2012 order distributing the personal property to Candace, asserting that some of the items did not exist, some were stolen from one of Doug's Idaho properties where they had been transported, and that Candace had received some of these items but had refused to account for them.   The District Court denied the motion.

¶13    Subsequently, as noted above, the District Court entered a Judgment on October 5, 2012, that entitled Candace to collect $104,552 plus interest from Doug and/or Christensen. The court specifically provided that the Judgment entitled Candace to obtain Writs of Execution issued by the District Court or a foreign court in another state.  On November 15, 2012, the District Court issued an order joining Christensen as a party and a supplemental Judgment to its October 5 Judgment.  In the supplemental judgment, the court ordered the transfer of Doug's three Clark Fork parcels to Candace to apply toward satisfaction of the $104,552 obligation.

¶14    On December 20, 2012, Doug appealed the October 5 and November 15  Judgments and on September 10, 2013, this Court affirmed the District Court, holding that the court did not abuse its discretion when it awarded real property owned by Doug to satisfy the October 5 judgment.

5

¶15 Subsequently, on October 29, 2013, the District Court amended the October 5, 2012 judgment to reflect partial satisfaction of the judgment and a reduced amount owed by Doug and/or Christensen. The court also held that Candace had

> the right to have this judgment entered as a foreign judgment in Idaho, against Petitioners and any business assets owned by any business owned and/or operated by either or both Petitioners, and to execute on this judgment by having any real property held in the name of either or both Petitioners transferred to her via warranty deed by the Court and all personal property (including vehicles) which are on the premises as of date of warranty deed shall become the property of Candace . . . .

¶16 Doug argues that he does not own "any business" because Advanced Systems (HVAC), the sole proprietorship he owned and operated before his incarceration, was dissolved by the Montana Secretary of State.[2] He further asserts that the language in the Amended Judgment that allows Candace to execute against "any business assets owned by any business owned and/or operated" by him or Christensen "is over-broad and does not conform to the *Judgment* in which it was based." Doug argues that the Amended Judgment could be interpreted to mean that should Christensen get a management position with any HVAC organization in the country, that organization could be subject to levy under the Amended Judgment.

¶17 The record reveals that Doug failed to object to the Amended Judgment in the District Court or move the court to alter or amend the judgment under M. R. Civ. P. 59(e) (Rule 59) (A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.). Consequently, Doug is raising this issue for the first time on appeal and is

---

[2] In actuality, the Montana Secretary of State website indicates that Advanced Systems HVAC/R in Heron, Montana, is on "inactive" status.

6

relying on multiple facts that are not in the District Court record. It is well-established that "an issue which is presented for the first time to the Supreme Court is untimely and cannot be considered on appeal." *Day v. Payne*, 280 Mont. 273, 276, 929 P.2d 864, 866 (1996).

¶18 Doug also advances arguments on appeal on behalf of his current wife Nicole[3] and Christensen. He claims the two Idaho entities owned by Nicole—Advanced Systems, LLC, and Advanced Mechanical Systems, LLC—were not joined as parties nor were these entities given the opportunity to defend themselves in the District Court prior to issuance of the Amended Judgment. Consequently, a judgment authorizing seizure of any property owned by those entities is unlawful. Lastly, he argues that Christensen, who manages and operates Nicole's companies, may not lawfully be subjected to a seizure order.

¶19 We disregard Doug's arguments on behalf of Nicole and Christensen. In Montana, a non-lawyer may not represent others. *Traders State Bank v. Mann*, 258 Mont. 226, 234, 852 P.2d 604, 609 (1993), *overruled on other grounds by Turner v. Mtn. Eng'g & Constr.*, 276 Mont. 55, 915 P.2d 799 (1996). After Doug's counsel withdrew from the case, Doug was entitled to represent himself as a pro se litigant. He may not, however, raise legal arguments on behalf of another party (Christensen) or a non-party (Nicole).

¶20 Lastly, we address Candace's request that we sanction Doug as a vexatious litigant, given his repeated attempts in the District Court and this Court to undermine Candace's ability to execute on the judgments entered in her favor. Section 37-61-421, MCA, provides

> An attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably and

---

[3] Nicole is serving a lengthy sentence for committing crimes in conjunction with and similar to those crimes committed by Doug.

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct.

Further, under M. R. App. P. 19(5), we have the authority to award sanctions to a prevailing party in a vexatious appeal. Notably, in rejecting Doug's second appeal from the judgment entered in favor of Candace, we indicated we would tolerate no further efforts by him to delay her receipt of her fair share of the marital estate. *Guill*, 2013 MT 262N, ¶ 8. It is apparent that Doug has ignored this warning.

¶21 We find Doug to be a vexatious litigant and award Candace her costs and fees associated with this appeal to be determined on remand to the District Court. Doug is prohibited from filing any further appeals in this case or any case in Montana in which Candace is the appellee without first obtaining this Court's approval. In addition, Doug is precluded from filing any civil action against Candace in Montana without first obtaining the relevant district court's approval. These sanctions are necessary to curb further abusive litigation by Doug. *Hartsoe v. Tucker*, 2013 MT 256, ¶ 14, 371 Mont. 539, 309 P.3d 39; M. R. App. P. 19(5).

## CONCLUSION

¶22 For the foregoing reasons, we affirm and remand for determination of Candace's costs and fees incurred on appeal.

/S/ PATRICIA COTTER

We Concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT