FILED

July 28 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0667

DA 14-0667

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 212N

ST. MARIE DEVELOPMENT
CORPORATION OF MONTANA,

      Plaintiff and Appellant,

  vs.

MARV BETHEA and GLACIER
TRAIL MANAGEMENT
SERVICES, INC.,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DV-2013-31
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Peter L. Helland, Helland Law Firm, PLLC; Glasgow, Montana

      For Appellee:

          Loren J. O'Toole II, Brad W. Fjeldheim, O'Toole Law Firm;
Plentywood, Montana

Submitted on Briefs:  May 20, 2015
Decided:  July 28, 2015

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    St. Marie Development Corporation of Montana (SMDC) appeals the order of the Seventeenth Judicial District Court, Valley County, which dismissed SMDC's claim against Glacier Trial Management Services, Inc. (GTMS), and Marv Bethea for attorney fees incurred as part of a Conditional Settlement Agreement (Agreement) between the parties.

¶3    SMDC, GTMS, and Bethea are involved in ongoing litigation in Valley County. The District Court consolidated two actions between the parties, DV-04-96 and DV-04-104. The parties reached the Agreement in November 2008. The Agreement included a $125,000 judgment for GTMS, to be suspended for 18 months while the parties completed the conditions of the Agreement. The Agreement required the parties to prepare and market, as a package, several real properties belonging to the parties. On December 9, 2008, SMDC, GTMS, Bethea, and other parties not involved in this suit, entered into a contract with Century 21 Heritage Realty (Addendum), as required by the Agreement. SMDC hired counsel to ensure clear title of the properties designated to be sold under the Agreement.

2

¶4 On July 12, 2013, SMDC filed a complaint with the District Court, alleging that GTMS and Bethea breached the Agreement by refusing "to tender their portion of the [attorney] retainer or otherwise provide clear title to their properties . . . ." GTMS and Bethea moved to dismiss, arguing that no written documents contain provisions requiring them to pay attorney fees for the work required to provide clear title to the properties. The District Court granted the motion to dismiss. SMDC appeals the dismissal of the action to this Court.

¶5 We review de novo a district court's ruling on a motion to dismiss made pursuant to M. R. Civ. P. 12(b)(6). *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316. A motion to dismiss under M. R. Civ. P. 12(b)(6) has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. *Plouffe*, ¶ 8. We will affirm a district court's dismissal when we conclude that the plaintiff would not be entitled to relief based on any set of facts that could be proven to support the claim. *Plouffe*, ¶ 8. The determination whether a complaint states a claim is a conclusion of law, and a district court's conclusions of law are reviewed for correctness. *Plouffe*, ¶ 8.

¶6 SMDC relies on provisions of the Agreement and Addendum in support of its argument that GTMS and Bethea are responsible for paying attorney fees. The provision in the Agreement upon which SMDC relies, reads as follows: "Marv Bethea and GTMS will cooperate and participate in the execution of documents to effect the settlement, and proceeding with a quiet title action and in assisting with marketing the package." The

3

provision in the Addendum upon which SMDC relies, reads as follows: "The parties hereto agree to cooperate with a Quiet Title Action that will likely be filed by or on behalf of St. Marie's Hands of Hope, Inc. . . . and to sign any documents that may be necessary to assist with the Quiet Title Action going forward."

¶7 "[W]hen the language of a contract is clear and unambiguous, we are 'to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.' Section 1-4-101, MCA." *Deschamps v. Treasure State Trailer Court, Ltd.*, 2010 MT 74, ¶ 28, 356 Mont. 1, 230 P.3d 800. Regarding the payment of an opposing party's attorney fees, "[A] party in a civil action generally is not entitled to attorneys' fees absent a *specific contractual* or statutory provision." *Motta v. Granite Cnty. Comm'rs*, 2013 MT 172, ¶ 28, 370 Mont. 469, 304 P.3d 720 (emphasis added).

¶8 Neither the Agreement nor the Addendum contain any specific provisions about the payment of attorney fees. We are not persuaded by SMDC's argument that the provision requiring GTMS and Bethea to "cooperate and participate" must be interpreted to include paying a portion of the attorney fees to ensure clear title. To interpret this provision as such would be to insert language into the Agreement and Addendum, which is not the role of a court. Section 1-4-101, MCA. SMDC can prove no set of facts to support its claim, and the District Court correctly dismissed the action.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear

4

application of applicable standards of review.  The District Court's interpretation and application of the law were correct.

¶10    Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT