FILED

07/12/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0776

DA 15-0776

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 172N

SEAN BOUSHIE,

      Petitioner and Appellee,

   v.

WILLIAM M. WINDSOR,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR-14-503
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

         William M. Windsor, Self-Represented, Madison, South Dakota

     For Appellee:

         Sean M. Boushie, Self-Represented, Missoula, Montana

Submitted on Briefs:  May 25, 2016

Decided:  July 12, 2016

Filed:

                     _____
                             Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    William Michael Windsor appeals part of an order from the Fourth Judicial District Court, Missoula County, denying Windsor's M. R. Civ. P. 60(b) motion to set aside a temporary restraining order against him. We affirm.

¶3    Windsor's long and tortured history with the Appellee, Sean Boushie, began in 2012 with an online dispute. We chronicled some of Windsor's activities in *Boushie v. Windsor*, 2014 MT 153, ¶ 4, 375 Mont. 301, 328 P.3d 631 (2014 Opinion):

> [I]n 2013, Windsor drove [from] Georgia to Montana, where he sought a [Temporary Order of Protection] against Boushie. In fact, the District Court found that he filed four separate petitions for protective orders against Boushie; and filed approximately six police reports about Boushie over nineteen months. All of the petitions for protective orders were denied and no charges have been pressed related to the police reports. Windsor also repeatedly drove past Boushie's residence; showed up at Boushie's workplace at the University of Montana, where he videotaped Boushie's vehicle . . . [and created a website] where he posted false and defamatory information about Boushie and his wife.

*Boushie*, ¶ 4.

We affirmed the District Court's order upholding the Missoula Municipal Court's decision to grant Boushie a Temporary Order of Protection (TOP) against Windsor. *Boushie*, ¶ 17.

2

¶4 Windsor has since been arrested twice for violating the TOP five times and failing to appear in court. On February 20, 2015, the District Court granted Boushie's motion to dismiss the TOP, reasoning that a no contact order from Windsor's criminal proceedings was sufficient to protect Boushie and his wife. On November 12, 2015, Windsor filed a M. R. Civ. P. 60(b) motion to have the TOP declared void or invalid, and to have it set aside—despite Boushie voluntarily dismissing the TOP nine months earlier. On November 16, 2015, the District Court entered an Order Closing File. The Order stated, in part:

> The Temporary Order of Protection ("TOP") issued on August 23, 2013 by the Missoula Municipal Court Judge was DISMISSED on February 12, 2015. [Windsor's Rule 60(b) motion is denied, and] . . . [t]his cause is ORDERED CLOSED.

Windsor appeals.

¶5 We review a district court's denial of a M. R. Civ. P. 60(b)(4) motion de novo. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451. Under M. R. Civ. P. 60(b)(4), a party may move a court to relieve the party from a final judgment, order, or proceeding, if found void.

¶6 Windsor presents five arguments contending that the District Court wrongfully denied his M. R. Civ. P. 60(b)(4) Motion. Boushie refutes Windsor's arguments and requests this Court to: (1) require Windsor to obtain the signature of a licensed attorney to accompany any of Windsor's future attempts to file a motion or action; and (2) award Boushie $5,000 in sanctions against Windsor, pursuant to M. R. App. P. 19(5).

¶7 First, Windsor argues that the District Court wrongly determined the case was already closed when he filed his M. R. Civ. P. 60(b) motion on November 12, 2015. The District Court did not determine the case was closed when Windsor filed his motion. The District Court instead pointed out that the TOP—which Windsor was attempting to void—was dismissed on February 12, 2015. The District Court then ordered the case closed in the same order on November 16, 2015. This argument is without merit.

¶8 Second, Windsor argues that the District Court's "inherent power" obligated it to act on the M. R. Civ. P. 60(b) Motion. However, except for vague citations mentioning "inherent power," Windsor fails to cite any authority to support his contention that such power obligates a Court to review a TOP that has already been dismissed. This argument is without merit.

¶9 Third, Windsor argues that the District Court's inaction violates Windsor's due process rights. Windsor fails to cite any authority or facts in support of this argument other than to generally aver to the U.S. and Montana Constitutions. This argument is without merit.

¶10 Fourth, Windsor argues that the District Court should have considered his M. R. Civ. P. 60(b) motion because the petition for a TOP was dismissed, not the TOP itself. Windsor fails to support this argument with any citation to relevant law or to the record. *See* M. R. App. P. 12(1)(d) (requiring appellants to cite the portions of the record at which material facts appear); M. R. App. P. 12(1)(g) (requiring appellants to cite the authorities relied on). This argument is without merit.

¶11 Finally, Windsor argues the TOP's validity is ripe for review because voiding the TOP would directly affect his criminal case regarding his TOP violations. Windsor's challenge to the TOP in this regard is barred by the doctrine of issue preclusion. Issue preclusion "bars the reopening of an issue that has been litigated and resolved in a prior suit," *Kullick v. Skyline Homeowners Assn.*, 2003 MT 137, ¶ 18, 316 Mont. 146, 69 P.3d 225, and prevents litigants from "incessantly waging piecemeal, collateral attacks against judgments," *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267. Issue preclusion bars relitigation of an issue if four elements are met: (1) an identical issue was previously raised in prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom issue preclusion is asserted was a party in the prior adjudication; and (4) the party against whom issue preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred. *Baltrusch*, ¶ 18.

¶12 In this case, all four elements of issue preclusion are satisfied. First, the issue of the TOP's validity was previously adjudicated in *Boushie* when we held the District Court did not abuse its discretion in affirming the Municipal Court's grant of the TOP and its conditions. *Boushie*, ¶ 14. Second, we decided the TOP issue on the merits. *Boushie*, ¶¶ 11-14. Third, Windsor was a party to the prior adjudication. Finally, the Municipal Court, the District Court, and this Court have provided Windsor with a full and fair opportunity to litigate the legitimacy of the TOP. The TOP's validity was litigated and resolved in *Boushie*. In our 2014 Opinion, we explicitly detailed why the TOP was

5

valid. Just because Windsor incurred criminal liability by ignoring that opinion does not provide a basis to relitigate the merits of the TOP now.

¶13 Having dismissed Windsor's arguments as wholly without merit, we turn to Boushie's request to determine whether Windsor's appeal is frivolous or vexatious, and if so, whether it rises to a sanctionable action. M. R. App. P. 19(5) provides this Court authority to award sanctions to a prevailing party in a frivolous or vexatious appeal. M. R. App. P. 19(5) allows this Court to sanction in the form of a "monetary or non-monetary penalty as the supreme court deems proper under the circumstances." *See e.g.*, *Guill v. Guill*, 2014 MT 316, 377 Mont. 216, 339 P.3d 81; *Hartsoe v. Tucker*, 2013 MT 256, 371 Mont. 539, 309 P.3d 39; *Grenz v. Fire & Cas. of Conn.*, 2001 MT 8, 304 Mont. 83, 18 P.3d 994.

¶14 In *Guill*, we found an ex-husband appellant to be a vexatious litigant. We then awarded the ex-wife appellee her costs and fees, and restricted the ex-husband's ability to file any case in any Montana court regarding the ex-wife without first obtaining the relevant district court's approval. *Guill*, ¶ 21. This was not the ex-husband's first appeal to this Court, and we stated in the Opinion addressing his previous appeal that "we would tolerate no further efforts by him to delay [his ex-wife's] receipt of her fair share of the marital estate." *Guill*, ¶ 20 (citing *Guill v. Guill*, 2013 MT 262N, ¶ 8).

¶15 In *Hartsoe*, we imposed sanctions "tailored to prevent future harassment with frivolous claims" by an appellant who continued to file groundless and burdensome litigation amounting "to an abuse of our court system." *Hartsoe*, ¶ 16. The Plaintiff in *Hartsoe* filed 24 lawsuits, 19 of which were against state government employees.

6

*Hartsoe*, ¶ 15. Therefore, we tailored the sanction to enjoin him from filing anything in a Montana Court against any current or former judicial officer without the District Court's approval. *Hartsoe*, ¶ 17.

¶16 In *Grenz*, the appellant ignored this Court's previous Opinion regarding his case, and continued to harass the appellee through litigation in this Court and in the Workers' Compensation Court. *Grenz*, ¶¶ 2-5; *see also Grenz v. Fire and Cas. of Conn.*, 260 Mont. 60, 61, 857 P.2d 730, 731 (1993). We sanctioned the appellant $,1000 and enjoined him from filing any further civil appeals in this Court until the sanction was paid. *Grenz*, ¶18.

¶17 In this case, Windsor not only tried to relitigate the TOP's validity after it had already been challenged and upheld on appeal, he then appealed the District Court's ruling to this Court yet again. In our 2014 Opinion, we affirmed the District Court's decision to declare Windsor a vexatious litigant and impose sanctions because of his "proclivity for filing voluminous lawsuits of questionable merit." *Boushie*, ¶ 21. We relied on the District Court's findings that:

> Windsor had previously been deemed a vexatious litigant by the U.S. District Court for the Northern District of Georgia and that Windsor ran several websites aimed at harassing and threatening particular individuals, including Boushie. The court further discussed the burden to clerical and judicial resources caused by Windsor's "voluminous frivolous filings"—the extent and nature of which are easily confirmed from review of the record.

*Boushie*, ¶ 20. Our 2014 Opinion also approved all but one of the District Court's sanctions for Boushie because the District Court adequately weighed the *Motta* factors we adopted for district courts. *Boushie*, ¶¶ 19, 21 (citing *Motta v. Granite County*

7

*Comm'rs*, 2013 MT 172, ¶¶ 17, 22, 370 Mont. 469, 304 P.3d 720). Those sanctions included restrictions on Windsor's access to the courts, in the form of requiring him to seek court approval before filing future lawsuits or administrative proceedings. However, we reversed the District Court's decision requiring Windsor to post a $50,000 bond for any action he files that named judges or court employees because it was not "sufficiently closely tailored to fit the specific vice encountered." *Boushie*, ¶ 21. Windsor had never filed an action naming a judge or court employee. *Boushie*, ¶ 21.

¶18 We see fit to join the multiple courts classifying Windsor as a vexatious litigant, and so declare him to be a vexatious litigant. Pursuant to M. R. App. P. 19(5) we impose sanctions—consistent with our precedents in *Guill, Hartsoe*, and *Grenz*—which are tailored to both penalize Windsor with a monetary fine and restrict Windsor from further abusing Montana courts with his frivolous filings. We order that Windsor shall pay a $1,000 sanction. Windsor shall immediately pay the $1,000 sanction into the Clerk of the District Court, who shall transmit that amount to Boushie. This order shall be enforceable as a judgment against Windsor in the stated amount.

¶19 Furthermore, we order that Windsor shall not initiate any further proceedings regarding Boushie in any Court or administrative body in the State of Montana until Windsor has: (1) obtained the signature of an attorney—actively licensed and in good standing with the State Bar of Montana—attesting that any pleading Windsor seeks to file complies with M. R. Civ. P. 11; and (2) satisfied the monetary sanction imposed herein. Unless Windsor has satisfied both criteria, the Court or administrative body shall summarily reject Windsor's pleading.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, and we affirm its denial of Windsor's M. R. Civ. P. 60(b) Motion. We declare Windsor a vexatious litigant and impose sanctions as set forth in ¶¶ 18-19.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON