FILED

07/21/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0448

DA 19-0448

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 184N

ROBERT SAYERS,

      Plaintiff, Cross-Claim Defendant, and Appellant,

    v.

HARVEY WORRAL, DALE HANKINS, STEVEN GANNON,
Does and Roes 1-5,

      Defendants and Appellees,

CHOUTEAU COUNTY,

      Cross-Claimant and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                In and For the County of Chouteau, Cause No. DV-17-28
                Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Daniel T Jones, Fernando J. Terrones, Gustafson Law Office, Conrad,
          Montana

      For Appellee:

          Susan B. Swimley, Attorney and Counselor at Law, Bozeman, Montana

          Kellie G. Sironi, Attorney and Counselor at Law, Ambler, Pennsylvania

Submitted on Briefs:  April 8, 2020

Decided:  July 21, 2020

Filed:

_____
                     Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Sayers appeals from the District Court's denial of his motion pursuant to M. R. Civ. P. 60(b)(4), seeking dismissal of a judgment declaring him to be a vexatious litigant as void, and the District Court's further determination that the Rule 60 motion itself violated M. R. Civ. P. 11, necessitating the imposition of sanctions against Sayers. The issues on appeal arise out of the long procedural history of the case, as well as a maelstrom of nine prior actions brought against the County by Sayers.

¶3 This action began in 2017, when Sayers, pro se, sued Harvey Worrall, Dale Hankins, and Steve Gannon, all officials or former officials of Chouteau County (Officials), in their individual capacities, for actions taken in the course of their official duties. About the suit, the District Court found that "Sayers' claims against these men involved the same transactions and occurrences as his complaints the previous years." The County moved to intervene in defense of the Officials and to request that Sayers be declared a vexatious litigant. In its answer, the County styled its vexatious litigant request as a "cross claim," which would serve as the ground for Sayers' later contention that the County's request was not properly made, and that the District Court was without authority to act on it.

2

¶4 Sayers opposed the County's intervention in a pro se pleading styled, in part, "Motion to Disqualify Chouteau County to Intervene," filed in November 2017, that contested the right of the County to participate in the litigation, and offered various factual contentions about the Officials' individual actions. The District Court granted the County's motion to intervene over Sayers' objection, and further granted Sayers "twenty-one (21) days from the date of the issuance of this Order to [file] an answer to the Cross-Claim by Chouteau County." With his answer, Sayers requested reconsideration of the District Court's granting of the County's intervention, asserting many of the same contentions. Also, in a January 2018 filing, Sayers again opposed intervention, specifically, that Susan Swimley, an attorney for the County, "should not be allowed to intervene." Swimley had never sought intervention as a party in the action. In an order that addressed numerous pending motions, the District Court denied Sayers' motion for reconsideration of the intervention. Nonetheless, Sayers again challenged the County's intervention in a Motion for Dismissal of Cross-Claimant he filed in April 2018, raising many of the same contentions.

¶5 After the defendant Officials moved for summary judgment and dismissal of the claims against them, Sayers requested voluntary dismissal of the Officials from the action, which the District Court granted, leaving only the County's claim against Sayers for declaration as a vexatious litigant, for which the County also requested summary judgment. The District Court conducted a hearing and entered extensive findings of fact based upon uncontested factual contentions, conclusions of law, and an order declaring Sayers to be a vexatious litigant, on October 3, 2018. The District Court detailed the prior cases Sayers

had litigated against the County, the allegations of each, and applied the *Motta* factors in reaching its determination. *See Motta v. Granite County Comm'rs*, 2013 MT 172, ¶ 20, 370 Mont. 469, 304 P.3d 720. Judgment was entered. Sayers does not directly or specifically challenge any of the District Court's determinations in this regard. Throughout the entirety of the litigation, the County's request for a vexatious litigant declaration was referred to by the parties and the District Court as the County's "Cross Claim," including references to the parties by the District Court as "Cross-Claimant Chouteau County" and "Cross-Claim Defendant Sayers."

¶6 Sayers appealed from the judgment in October 2018, initially raising before this Court issues regarding his original claims against the Officials, the County's intervention, and the vexatious litigant declaration. During the pendency of the appeal, legal counsel entered an appearance on behalf of Sayers, and thereafter Sayers moved for dismissal of the appeal, which was granted by this Court on December 27, 2018.

¶7 On December 26, 2018, Sayers filed in the District Court a Rule 60 motion to dismiss the judgment that had declared him to be a vexatious litigant. Sayers contended that, under the Rules of Civil Procedure and cases applying the Rules, a cross claim can only be made against a co-party in litigation, but that Sayers was never a co-party to Chouteau County, and therefore, the County's cross claim was void. Sayers argued to the District Court:

> Chouteau County's cross-claim was improper. Therefore this Court's Findings of Fact, Conclusions of Law and Order re Cross-Claimant Chouteau's Motion for Summary Judgment/Vexatious Litigant stemming from that cross-claim is void as a matter of law. Mont. R. Civ. P. 60(b)(4) gives this Court the authority to dismiss that order because the [sic] is void.

4

Wherefore, Sayers respectfully request this Court for an order dismissing the Court's Findings of Fact, Conclusions of Law and Order re Cross-Claimant Chouteau's Motion for Summary Judgment/Vexatious Litigant.

In response, the County moved the District Court for imposition of sanctions under M. R. Civ. P. 11, arguing the motion to dismiss had no basis in fact or law.[1] In reply, Sayers contended that "[p]ut simply, and despite the County's attempts to mischaracterize Sayers' factual basis, the fact that the County filed an improper cross-claim, thereby depriving this Court of subject matter jurisdiction, is why Sayers filed his Motion to Dismiss."

¶8 The District Court denied the Rule 60 motion, noting the motion was untimely, and stating that Sayers' cross claim argument elevated form over substance. It reasoned that, "Chouteau County had to enter the lawsuit to defend the prior rulings on the same allegations, present the immunity defenses, if necessary, and seek relief to stop Sayers' repetitive and abusive filings. By ignoring these facts upon which Chouteau County intervened, the Rule 60 Motion has no basis in fact." Granting the County's motion for Rule 11 sanctions, the District Court stated: "The Rule 60 Motion is frivolous; without legal basis; costs everyone unnecessary expenses of time and money; and increases delay in resolving the vexatious litigant issue." From this order, Sayers appeals.[2]

---

[1] Prior to filing its sanction request, counsel for the County wrote to Sayers' counsel, stating the motion "is a continued abuse of process, violates multiple Rules of Civil Procedure, and lacks basis in fact and law," and asking that the motion be withdrawn.

[2] Following the filing of the notice of appeal, this case was returned to the District Court for a determination of attorney fees and, upon stipulation of the parties as to the amount of fees to be assessed as a sanction, the matter returned to this Court and the appeal continued.

¶9 Sayers first argues the District Court erred by denying his Rule 60 motion because the cross claim filed by the County was improper under the Rules and failed to make the County a party to the proceeding, rendering void the entire proceeding that followed to judgment on the vexatious litigant issue. "Where the movant seeks relief under Rule 60(b)(4), on the ground the judgment is void, we review the district court's ruling de novo, as the determination that a judgment is or is not void is a conclusion of law." *Reservation Operations Ctr. LLC v. Scottsdale Ins. Co.*, 2018 MT 128, ¶ 8, 391 Mont. 383, 419 P.3d 121 (internal quotations and citations omitted).

¶10 While Sayers correctly identifies the nature of a cross claim, his laser-like focus on pleading distinctions fails to see the forest for the trees: that the entire case proceeded, and was tried upon, the vexatious litigant request set forth in the County's pleading, despite being denominated a cross claim, and was correctly understood as such by all parties throughout the proceeding, including the District Court, which referred to the parties as "Cross-Claimant Chouteau County" and "Cross-Claim Defendant Sayers" for purposes of the issue. Further, our cases have not required that a vexatious litigant request be made by any particular pleading, or at any particular point in a proceeding. While it has been raised in the district court by counterclaim, *see Motta* ¶ 7, it has also been raised by simple motion or request during the pendency of either a trial or appeal. As we stated in *McCann v. McCann*, 2018 MT 207, ¶ 38, 392 Mont. 385, 425 P.3d 682, wherein this Court declared the litigant to be vexatious upon a request made during the appeal, "[s]uch sanctions may be imposed based on a request included in a brief." Thus, while the County's request was incorrectly denominated a cross claim instead of a counterclaim, or even a simple motion,

6

this error did not invalidate the request or otherwise affect the proceeding. While Sayers also argues that the County's pleading did not sufficiently state a claim of vexatiousness against him, we likewise disagree. The relief requested by the County was sufficiently stated, and was understood as such by all parties. We therefore affirm the District Court's denial of Sayers' Rule 60 motion to dismiss the judgment declaring him to be a vexatious litigant.

¶11 A closer question is the separate issue of whether Sayers' motion to dismiss, premised upon his cross claim argument, was itself a violation of Rule 11 warranting the imposition of sanctions. As we have explained regarding Rule 11:

> Rule 11 requires that when an attorney signs a pleading, the attorney has read it and to the "best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . ," the pleading is not "being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." M. R. Civ. P. 11. The "factual contentions must have evidentiary support . . . ," and the "legal contentions [must be] warranted by existing law . . . ." M. R. Civ. P. 11.

*Boland v. Boland (In re Estate of Boland)*, 2019 MT 236, ¶ 49, 397 Mont. 319, 450 P.3d 849. "Our standard of review of a District Court's decision to grant or deny sanctions under Rule 11 is de novo for the district court's determination that the pleading, motion or other paper violates Rule 11." *Boland*, ¶ 20 (citation omitted).

¶12 While Sayers' motion to dismiss was no doubt a frustrating extension of litigation over a declaration of vexatiousness that itself is not contested on appeal, upon de novo review we cannot conclude that the pleading itself was without any basis in law or was an argument not "warranted by existing law." *Boland*, ¶ 49. Chouteau County's cross claim

7

was, technically, improperly denominated, which was detected and then pursued by Sayers' new counsel in a Rule 60 motion as an alternative avenue for relief, rather than pursuing the appeal from the judgment filed by Sayers pro se. This particular issue had not been previously raised in the litigation, or ruled upon. The District Court's statement that Sayers' Rule 60 motion "is precluded by law in a case in which the District Court has already recognized that Sayers has wasted the time and resources of the Court and Chouteau County" seems to conflate vexatiousness and violations of Rule 11. Further, the District Court's determination that Sayers' motion was precluded by res judicata overlooks that a valid judgment is a prerequisite to application of that doctrine, and here, Sayers was challenging, in the same proceeding, the judgment as invalidly entered. Therefore, we reluctantly reverse the imposition of Rule 11 sanctions.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed in part and reversed in part.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON