DA 17-0161

FILED

11/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0161

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 274N

JOHN P. STOKES and PAMELA J. STOKES,

        Petitioners and Appellants,

    v.

FIRST AMERICAN TITLE COMPANY OF MONTANA, INC.,
a Montana Corporation; and US BANK TRUST, N.A., as Trustee for
LSF8 MASTER PARTICIPATION TRUST,

        Respondents and Appellees.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV 14-223
Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            John Patrick Stokes, Pamela Jeanne Stokes, self-represented; Bigfork,
Montana

        For Appellees:

            Michael J. Lilly, Berg, Lilly & Tollefsen P.C.; Bozeman, Montana

            Danielle A.R. Coffman, Crowley Fleck PLLP; Kalispell, Montana

Submitted on Briefs:  September 13, 2017

Decided:  November 7, 2017

Filed:

_____
                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of non-citable cases published in the Pacific Reporter and Montana Reports.

¶2 John and Pamela Stokes (the Stokes) appeal the summary judgment order dismissing this action, entered by the Twentieth Judicial District Court, Lake County, Honorable James Manley presiding. The Stokes sought a declaratory judgment regarding their rights in their home and to enjoin the property's foreclosure. The Stokes' counsel withdrew, and a chain of events then unfolded that complicated the proceedings. The Stokes moved for default against the Appellees and, subsequently, on July 15, 2016, John Stokes filed for Chapter 13 bankruptcy protections. Unaware that a bankruptcy action had been filed, the District Court set a hearing on the Stokes' request for default, which was held on August 10, 2016. The Stokes failed to attend. On August 12, 2016, the United States Bankruptcy Court dismissed John Stokes' bankruptcy petition for his failure to attend a hearing. The District Court, now aware of the bankruptcy proceeding, set aside the default at the request of Appellees and the Stokes' property was sold in foreclosure. John Stokes then moved to re-open his bankruptcy proceeding. The District Court entered summary judgment in favor of First American and U.S. Bank Trust on Stokes' claims and dismissed the action. The Stokes appeal.

2

¶3     The Stokes make a broad range of often outlandish accusations about how their case, and their past cases, have been handled.  They assert, with no citation or explanation, that Appellees are "a mortgage scam enterprise and laundering front for the Drug Cartel" who have "fabricated" and "forged" evidence.  These allegations aside, it is difficult to ascertain exactly what legal issues the Stokes are appealing.  It appears they argued that the District Court lacked jurisdiction, given the 11 U.S.C. § 362(a) automatic stay arising from the bankruptcy petitions filed by both the Stokes.  The District Court determined the stay related to John Stokes' bankruptcy did not prevent the court from ruling on an action brought by the debtors.  *See*, *e.g.*, *Eisinger v. Way*, 229 B.R. 11, 13 (B.A.P. 9th Cir. 1998) (citations omitted) ("the automatic stay does not prohibit a defendant in an action brought by a plaintiff/debtor from defending itself in that action.").  The Stokes argue the cases relied on by the District Court are factually distinguishable, but provide no citation to authority or legal analysis.  They assert that Pamela Stokes' bankruptcy likewise removed jurisdiction from the District Court, but provide no citations to authority or cogent argument.

¶4     The Stokes also assert that Judge Manley was biased against them.  With no citations to the record, they argue that bias arose from a case in which one of Judge Manley's former law partners was opposing counsel, over 23 years ago.  They speculate that Appellees were previous clients of Judge Manley.  We reject the allegation of bias for lack of any factual basis.  Further, this issue is not properly before us, as it was not raised below.

¶5      Finally, the Stokes argue that the District Court improperly vacated the default. The default was vacated following a hearing the Stokes failed to attend, and they assert they were unable to attend due to medical reasons. The Stokes offer no citations to the record and advance no supported legal arguments.

¶6      The appellant bears the burden of establishing error, and for us to render an informed and legally correct opinion, the appellant must provide legal argument, citations to authority, and citations to the record in support of their arguments. *See State v. Gomez*, 2007 MT 111, ¶¶ 31-34, 337 Mont. 219, 158 P.3d 442 (citations omitted). The Stokes' briefing lacks all three, and is nearly unintelligible. We conclude the Stokes failed to meet their burden of establishing error.

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Error has not been established by the Appellants.

¶8      Affirmed.

/S/ JIM RICE

We concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER