FILED

11/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0161

DA 17-0161

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 275

JOHN P. STOKES and PAMELA J. STOKES,

        Petitioners and Appellants,

    v.

FIRST AMERICAN TITLE COMPANY OF MONTANA, INC.,
a Montana Corporation; and US BANK TRUST, N.A., as Trustee for
LSF8 MASTER PARTICIPATION TRUST,

        Respondents and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twentieth Judicial District,<br>In and For the County of Lake, Cause No. DV 14-223<br>Honorable James A. Manley, Presiding Judge |

COUNSEL OF RECORD:

      For Appellants:

          John Patrick Stokes, Pamela Jeanne Stokes, self-represented; Bigfork,
          Montana

      For Appellees:

          Michael J. Lilly, Berg, Lilly & Tollefsen P.C.; Bozeman, Montana

          Danielle A.R. Coffman, Crowley Fleck PLLP; Kalispell, Montana

                   Submitted on Briefs: September 13, 2017

                   Decided: November 7, 2017

Filed:

_____
              Clerk

**OPINION AND ORDER**

Justice Jim Rice delivered the Opinion and Order of the Court.

¶1      While the appeal in this matter was pending, Appellees First American Title Company and U.S. Bank Trust, N.A. (Appellees) filed a joint motion requesting an order declaring Appellant John P. Stokes (Stokes) to be a vexatious litigant and requiring either anything he files be pre-approved by the district court or, alternatively, certified by a licensed Montana lawyer in good standing as meritorious under M. R. Civ. P. 11.

¶2      In the appeal, John and Pamela Stokes (Mr. and Mrs. Stokes) challenged an order that had been entered by the Twentieth Judicial District Court, Lake County, Honorable James Manley presiding, which dismissed their lawsuit against the Appellees.  We affirmed the District Court's dismissal order in a memorandum opinion, issued in conjunction herewith.  *Stokes v. First American Title Co.*, 2017 MT 274N, DA 17-0161.  Mr. and Mrs. Stokes were initially represented by counsel, who withdrew early in the case.

¶3      Article II, Section 16 of the Montana Constitution guarantees every person access to the courts of Montana: "Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character . . . Right and justice shall be administered without sale, denial, or delay." However, the right to access Montana's legal system is not absolute, and may be limited with the showing of a rational relationship to a legitimate state interest.  *Peterson v. Great Falls Sch. Dist. No. 1 & A*, 237 Mont. 376, 380, 773 P.2d 316, 318 (1989) (collecting cases).

2

¶4 The Rules of Appellate Procedure provide that litigants can be sanctioned for frivolous or vexatious litigation conduct:

> The supreme court may, on a motion to dismiss, a request included in a brief, or sua sponte, award sanctions to the prevailing party in an appeal, cross-appeal, or a motion or petition for relief determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. Sanctions may include costs, attorney fees, or such other monetary or non-monetary penalty as the supreme court deems proper under the circumstances.

M. R. App. P. 19(5). We have previously cited Rule 19 in the imposition of pre-filing orders for vexatious litigants. *See, e.g., Hartsoe v. Tucker*, 2013 MT 256, ¶¶ 14-18, 371 Mont. 539, 309 P.3d 39. Montana does not have a statute specifically authorizing the imposition of restrictions upon vexatious litigants, but our common law includes such authority.[1] *Motta v. Granite Cty. Comm'rs*, 2013 MT 172, ¶¶ 19-23, 370 Mont. 469, 304 P.3d 720. In *Motta*, we cited a five-factor test utilized by the Ninth Circuit Court of Appeal to determine whether a pre-filing order is justified: (1) the litigant's history of litigation and, in particular, whether it has entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; e.g., whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions

---

[1] Section 37-61-421, MCA, does provide that "[a]n attorney or party to any court proceeding who, in the determination of the court, multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct."

would be adequate to protect the courts and other parties. *Motta*, ¶ 20 (*citing Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007)).[2]

¶5    Under the first factor, Stokes' history of litigation in the district courts is significant and has entailed vexatious, harassing, or duplicative lawsuits.[3] Stokes has been before this Court ten times.[4] In several of these cases, Stokes was represented by counsel, and there was no assertion that the appeals had been taken unreasonably. However, Stokes' *pro se* appeals have repeatedly been found to be insufficiently presented, including a failure to provide a sufficient record or a failure to raise cognizable arguments, and have usually been affirmed in a memorandum opinion based upon the failure to meet the appellant's burden. In this matter, we conclude that Mr. and Mrs. Stokes' appeal was taken without substantial

---

[2] In *Motta*, we adopted a similar four-factor test to review the entry of a pre-filing order by a trial court, which considered: (1) whether the litigant was given notice and a chance to be heard before the order was entered; (2) whether the trial court has compiled an adequate record for review; (3) whether the trial court has made substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) whether the vexatious litigant order is narrowly tailored to closely fit the specific vice encountered. *Motta*, ¶ 20 (citing *Molski*, 500 F.3d at 1057-58). We utilized that test and considered the findings entered by the District Court. *Motta*, ¶ 21. However, because we are here not reviewing the entry of a pre-filing order in the trial court, but instead undertaking initial consideration of the matter based upon the motion made in this Court, we will utilize the five-factor test.

[3] We are here only addressing John Stokes' status as a vexatious litigant, and not Pamela Stokes. Although Pamela has been involved as a co-party in much of John Stokes' litigation, her status was not raised as part of the motion and we do not consider it here.

[4] *See Amco Bldg. Sys. v. Stokes*, No. 98-635, 2000 MT 66N, 2000 Mont. LEXIS 463; *Stokes v. State*, 2005 MT 42, 326 Mont. 138, 107 P.3d 494; *Anderson v. Stokes*, 2007 MT 166, 338 Mont. 118, 163 P.3d 1273; *Stokes v. State*, 2007 MT 169, 338 Mont. 165, 162 P.3d 865; *State v. Stokes*, No. DA 06-0629, 2007 MT 318N, 2007 Mont. LEXIS 568; *State v. Skyline Broadcasters, Inc.*, 2009 MT 193, 351 Mont. 127, 211 P.3d 189; *Stokes v. Duncan*, 2015 MT 92, 378 Mont. 433, 346 P.3d 553; *Stokes v. State*, No. OP 06-0647, Or. (Mont., Oct. 25, 2006); *Stokes v. Anderson*, No. OP 06-0756, Or. (Mont., Nov. 29, 2006); and the memorandum opinion in the underlying case here.

4

or reasonable grounds. As noted in our memorandum opinion, their briefing lacked citations to the record, citations to authority, and cognizable legal argument.

¶6 Further, the briefing asserted numerous serious and unsupported accusations against party opponents, judges, and officials. With no citation to the record, Mr. and Mrs. Stokes alleged fraud, fabrication, collusion, harassment, and intimidation by their bankruptcy trustees; bias and prejudice by Judge Manley; and that Appellees were a "scam enterprise and laundering front for the Drug Cartel . . . ." The brief also stated that John Stokes personally removed a majority of the judges in Flathead County and implied a threat to initiate a federal suit against Judge Manley in California. We find such serious and wholly unsupported statements to be harassing and vexatious.

¶7 Appellees also attached complaints in four other suits brought by Stokes *pro se*, one which was entitled "COMPLAINT FOR EMBEZLEMENT [sic], EXTORTION AND DAMAGES." They include outlandish allegations of a harassing and abusive nature. Appellees quote from district court orders expressing frustration with Stokes' litigation tactics:

> Stokes' brief is a litany of confused "facts," in which he attempts to intertwine at least three separate lawsuits . . . Stokes wholly fails to respond to the Plaintiffs' argument that Stokes has pled no actual cause of action . . . Once again, Stokes mixes motions, relies on outdated case law and in general impermissibly attempts to re-litigate matters . . . Stokes seeks to add the individual attorneys and the law firm as third party defendants. He alleges that the individuals and the law firm have prepared false affidavits, have withheld documents in a separate lawsuit, and have a financial interest in continuing the litigation . . . Once again, the Court is faced with superfluous pleadings, which have no basis in fact or law and which consume limited Court resources.

5

*Gardner v. Stokes*, No. DV 07-0729(B) (Mont. 11th Judicial Dist. July 17, 2008). A different district court judge stated, "Stokes has filed an incomprehensible motion, accompanied by an equally convoluted brief . . ." and concluded it was "yet another example of [Stokes'] blatant disregard of legal procedures and rules." *Anderson v. Stokes*, No. DV 01-023C (Mont. 11th Judicial Dist. April 28, 2008).

¶8 Stokes did not file a response to the motion seeking his declaration as a vexatious litigant, but argued in his appellate reply brief that, by citing his filings in other cases, Appellees have offered inadmissible evidence in support of their motion. However, this Court may take judicial notice of other court proceedings, and we do so here. M. R. Evid. 202. While it would be preferable for a pre-filing order to be entered by a trial court upon fact-finding, we cannot ignore vexatious actions, particularly those that occur in this Court. We conclude the first factor of the *Motta* test is satisfied.

¶9 Under the second factor, we find Stokes does not have an objective good faith expectation of prevailing in the foreclosure matter that was the subject of his appeal. His *pro se* motions and briefs were procedurally unrecognizable and lacking in proper legal arguments. One federal judge commented: "Stokes is not an attorney, and while he zealously argues his positions, the record of his unsuccessful results in litigation is uniform and speaks for itself." *In re Stokes*, No. 09-60265-11, 2009 Bankr. LEXIS 3030, at *52 (U.S. Bankr. D. Mont. Sep. 21, 2009).

¶10 The third factor, whether Mr. Stokes is represented by counsel, is an important consideration here and affects the breadth of the remedy ordered. The vexatious behavior

6

exhibited by Stokes has occurred prevalently while he was acting *pro se*, exemplified by the present appeal, wherein his counsel withdrew and Stokes thereafter filed a number of harassing pleadings while representing himself. Similarly, in *Motta*, we concluded that the pre-filing order at issue, which restricted Motta's *pro se* filings, was narrowly tailored and appropriately entered. *Motta*, ¶¶ 17, 22.

¶11     Under the fourth factor, it is clear from the actions described above that Stokes has caused needless expense to other parties and posed an unnecessary burden on the courts. In the litigation at issue in this appeal, Stokes filed an action to prolong the foreclosure process, and then later argued the court lacked jurisdiction to address the very action he initiated, an effort that merely caused confusion and turmoil.

¶12     Finally, we conclude that sanctions other than a pre-filing order would be inadequate. Stokes has previously litigated over significant debt and initiated bankruptcy proceedings. A financial sanction of costs or fees would appear to give a litigant with Stokes' history little pause in pursuing further vexatious behavior in the courts. Indeed, district courts have imposed such fees on Stokes in the past, with little or no discernible impact. In his appellate briefing here, Stokes has already threatened future litigation against the same parties and the presiding judge. Further, given the broad range of litigation Stokes has brought in multiple judicial districts, we see no way to effectively narrow the pre-filing order to a particular type of claim.

¶13     We conclude the applicable *Motta* test is satisfied and that the necessity of a pre-filing order has been established when Stokes is litigating *pro se*. Consistent with the

7

Montana Constitution, an order has a direct relationship to the state interest of protecting other parties from the unnecessary expense of litigating against Stokes and protecting the courts from the unnecessary expenditure of judicial resources. Therefore,

¶14 IT IS HEREBY ORDERED that the joint motion to declare John P. Stokes a vexatious litigant is GRANTED IN PART. Before Stokes can file any pleading *pro se* in a Montana district court or the Montana Supreme Court, he is required to obtain pre-filing approval from the court in which he seeks to file. The court may prohibit any such filing upon a determination that the claims asserted are harassing, frivolous, or legally not cognizable. This pre-filing requirement also applies to *pro se* filings by Stokes in cases where his counsel, if any, has withdrawn from representation of Stokes. Although this order does not apply to Pamela Stokes, courts should not permit John Stokes to engage in vexatious litigation tactics under her name.

¶15 The Clerk of this Court is directed to provide copies of this Order to counsel of record, all Montana district courts, and to John P. Stokes and Pamela J. Stokes, personally.

DATED this 7th day of November, 2017.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ BETH BAKER

8