

FILED

05/25/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0239

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0239

WILLIAM E. MYTTY and SANDRA F. MYTTY,
QUALITY SUPPLY, INC., PROFIT SHARRING
PLAN AND TRUST, DOUGLAS S. HADNOT, J.
CHRIS CRAWFORD and MYRNA K. CRAWFORD,
STEPHEN S. ELLIS, M.D., P.C., EMPLOYEES
AMENDED AND RESTATED PENSION PLAN,
and THOMAS H. BOONE, Trustee For the BOONE
KARLBERG EMPLOYEES PROFIT SHARING
TRUST,

      Plaintiffs and Appellees,

  v.

JOHN P. STOKES, PAMELA J. STOKES,

      Defendants and Appellants.

ELIZABETH ANN STOKES, Z-600 INC., SKYLINE
BROADCASTERS, INC., and HSBC MORTGAGE
SERVICES, INC.,

      Defendants.

FILED

MAY 25 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Appellants John P. Stokes and Pamela J. Stokes filed a Notice of Appeal with this Court on May 17, 2021. Notably, in November 2017, this Court declared John P. Stokes a vexatious litigant, and required as follows:

> Before Stokes can file any pleading *pro se* in a Montana district court or the Montana Supreme Court, he is required to obtain pre-filing approval from the court in which he seeks to file. The court may prohibit any such filing upon a determination that the claims asserted are harassing, frivolous, or legally not cognizable. This pre-filing requirement also applies to *pro se* filings by Stokes in cases where his counsel, if any, has withdrawn from representation of Stokes. Although this order does not apply to Pamela Stokes, courts should not permit John Stokes to engage in vexatious litigation tactics under her name.

*Stokes v. First Am. Title Co. of Mont., Inc.*, 2017 MT 275, ¶ 14, 389 Mont. 245, 406 P.3d 439. The Clerk of the Supreme Court inadvertently filed Stokes' Notice of Appeal, but we now undertake review of this filing. The Stokes attach this Court's 2017 decision to their Notice of Appeal.

The Stokes' Notice of Appeal states they are appealing "from the final written Judgement and Orders entered in the District Court on April 26, 2021 and October 13, 2020." On October 13, 2020, the District Court entered its Findings of Fact, Conclusions of Law and Order of Foreclosure, involving real property in which Stokes formerly held an interest. The District Court found that the Stokes, who are Defendants in the action, had defaulted on their obligation to pay the note secured by the property, and that Plaintiffs were entitled to recovery of the balance of principal and interest owed on the note in the approximate amount of $761,000, and to an order of foreclosure of the property covered by the mortgage.

The District Court's April 26, 2021 Order—the other order referenced in Stokes' Notice of Appeals—concerned future pleadings to be filed because the Stokes were attempting to challenge the District Court's October 2020 Order of Foreclosure. The District Court's order stated it had issued an Order Denying Defendants' Motion to Amend Findings of Fact and Judgment on January 4, 2021. It also stated that counsel for Stokes had moved to withdraw in January, and that on January 26, 2021, the court granted counsel's withdrawal. The District Court deemed Stokes' pro se pleadings filed after entry of the final judgment to be nullities and imposed a further requirement upon Stokes to provide a Rule 11 attorney certification for all future pleadings filed in the Twentieth Judicial District Court, Lake County.

First, a "notice of appeal shall be filed with the clerk of the supreme court within 30 days from the date of entry of the judgment or order from which the appeal is taken." M. R. App. P. 4(5)(a)(i). The District Court issued its Order of Foreclosure on October 13, 2020, and the Stokes could have filed a timely appeal on or before November 12, 2020, but did not. While the Stokes filed motions after the final judgment and after their attorney withdrew, these do not extend the time for filing an appeal. "A final judgment conclusively

2

determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed." M. R. App. P. 4(1)(a). The Stokes did not appeal after the District Court's January 2021 rulings. The District Court's April 26, 2021 Order is not a final judgment because it does not "conclusively determine[] the rights of the parties and settles all claims in controversy . . . ." M. R. App. P. 4(1)(a).

Having reviewed the appeal filed by the Stokes, we conclude it was not timely filed and is appropriate for dismissal. Therefore,

IT IS ORDERED that this appeal is DISMISSED with prejudice, and the Clerk of the Supreme Court is directed to close this case as of the date of this Order.

The Clerk is also directed to provide a copy of this Order to counsel of record and to John P. Stokes and Pamela J. Stokes.

DATED this 25ᵗʰ day of May, 2021.

_____

_____

_____

_____

_____
Justices

3