DA 20-0179

FILED

08/17/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0179

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 207N

THORCO, INC.,

     Plaintiff and Appellant,

  v.

WHITEFISH CREDIT UNION, and JOHN DOES 1-10,

     Defendants and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-19-534B
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Nathan G. Wagner, Sullivan, Wagner & Lyons, PLLC, Missoula, Montana

     For Appellees:

     Sean S. Frampton, Frampton Purdy Law Firm, Whitefish, Montana

Submitted on Briefs:  November 4, 2020

Decided:  August 17, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Thorco, Inc. appeals from the order of the Eleventh Judicial District Court, Flathead County, barring it from asserting claims under the doctrines of claim preclusion and issue preclusion and ruling that Thorco was a vexatious litigant. We restate and address the following issues on appeal: (1) whether the District Court erred in applying claim preclusion and issue preclusion to Thorco's claims; and (2) whether the District Court abused its discretion in ruling that Thorco was a vexatious litigant. We affirm.

¶3 Thorco is an entity owned and controlled by Dennis and Donna Thornton. In 2009, Whitefish Credit Union (WCU) loaned $3.3 million to Thorco to subdivide and develop two parcels of land in Flathead County. The loan was secured by liens against the property, and the Thorntons personally guaranteed the loan. This is the third appeal from the Thorntons or Thorco arising from WCU's attempt to foreclose on its security.

¶4 The District Court granted summary judgment in favor of WCU as to all claims. The Thorntons appealed and we affirmed the District Court's summary judgment in favor of WCU and its denial of the Thornton's motion to file an amended complaint. *Thornton v. WCU*, 2019 MT 138N, 396 Mont. 549, 455 P.3d 435.

¶5 Fifteen days after we affirmed the District Court's summary judgment ruling in favor of WCU, the Thorntons, on behalf of Thorco, initiated Cause No. DV-19-534B by

refiling a complaint substantively similar to the previous action. Thorco also recorded a lis pendens to prevent WCU from selling the property. WCU moved to dismiss the complaint and moved to have Thorco declared a vexatious litigant. After WCU moved to dismiss, Thorco amended its complaint without seeking leave of the court.

¶6 The District Court granted WCU's motion to dismiss and declared Thorco a vexatious litigant. The District Court entered a pre-filing and pre-recording order, subsequently amended, that restricted Thorco, Dennis Thornton, Donna Thornton, or any person acting on their behalf from filing any document in the case, without first obtaining leave from the District Court.[1] The District Court also ordered:

> [N]o document submitted for filing or recording with the Flathead County Clerk and Recorder by Thorco, Inc., Dennis Thornton, Donna Thornton or by any person on behalf of any of the same, for recording against the property [that is the subject of this litigation] shall not be of any force or effect unless the recording of the same is accompanied by an order of this Court expressly authorizing the recording of such document(s).

(Original emphasis omitted).

¶7 We review a district court's application of the doctrines of claim preclusion or issue preclusion de novo. *Denturist Ass'n of Mont. v. State*, 2016 MT 119, ¶ 8, 383 Mont. 391, 372 P.3d 466. An order declaring a party a vexatious litigant is reviewed for an abuse of

---

[1] Thorco complains on appeal that "[t]he Pre-Filing Order is . . . not narrowly tailored so as to limit pro se filings, but rather is extremely broad, and purports to affect non-parties and Thorco's attorneys, who have not been found to have done anything improper." (original italics omitted). Thorco's point is somewhat puzzling. First, Thorco's attorneys would only be filing documents in the case as Thorco's counsel, and there is no question the District Court has jurisdiction over the parties to the action. Second, to the extent the Pre-Filing Order "purports to affect non-parties," as Thorco complains, non-parties—vexatious or not—would have no right to file anything in the case without obtaining leave of the court in any event. (original italics omitted).

discretion. *Belanus v. Potter*, 2017 MT 95, ¶ 15, 387 Mont. 298, 394 P.3d 906 (citing *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631).

¶8      "The related common law doctrines of issue preclusion and claim preclusion (also known as collateral estoppel and res judicata, respectively) exist to preclude future litigation of a final judgment." *Reisbeck v. Farmers Ins. Exch.*, 2020 MT 171, ¶ 13, 400 Mont. 345, 467 P.3d 557. "Issue preclusion bars the same parties or their privies from relitigating issues in a second suit that is based upon a different cause of action." *Reisbeck*, ¶ 14 (quotations and emphasis omitted). A matter is barred by issue preclusion when the following elements are met:

(1)     the issue decided in the prior adjudication is identical to the issue raised in the action in question;
(2)     a final judgment on the merits has been issued in the prior adjudication;
(3)     the party against whom preclusion is now asserted was a party or in privity with the party to the prior adjudication; and
(4)     the party against whom preclusion is now asserted was afforded a full and fair opportunity to litigate the issue which may be barred.

*Reisbeck*, ¶ 14 (citing *Denturist*, ¶ 12). All elements of issue preclusion must be satisfied for the doctrine to apply. *Gibbs v. Altenhofen*, 2014 MT 200, ¶ 21, 376 Mont. 61, 330 P.3d 458.

¶9      Claim preclusion "bars a second suit involving the same parties or their privies based on the same cause of action." *Denturist*, ¶ 11. Claim preclusion requires all the following elements to be met:

(1)     the parties or their privies are the same;
(2)     the subject matter of the present and past actions is the same;
(3)     the issues are the same and relate to the same subject matter;

4

(4)     the capacities of the parties are the same to the subject matter and issues between them; and

(5)     a final judgment on the merits has been entered in an earlier action.

*Touris v. Flathead County*, 2011 MT 165, ¶ 13, 361 Mont. 172, 258 P.3d 1.

¶10     The District Court correctly held Thorco's claims arising under the renewed option agreement (Count III) and the breach of implied covenant of good faith and fair dealing (Count IV) are barred by claim preclusion.  (1) The parties are the same as the prior actions as Thorco was a party in DV-12-174B and in privity with the Thorntons in DV-18-336D; (2) the Thorntons/Thorco had an opportunity to litigate breach of the renewed option agreement and breach of the implied covenant of good faith and fair dealing in both previous suits and did not do so; (3) the issues relate to the same subject matter regarding the secured loan from WCU that was not paid back and a failed settlement agreement; (4) the parties litigated claims in an identical capacity against the same defendant, WCU; and (5) a final judgment was entered in DV-12-174B upon voluntary dismissal of the action with prejudice and in DV-18-336D when summary judgment was entered by the District Court and affirmed by this Court.  *Touris*, ¶ 15 (voluntary dismissal of an action with prejudice constitutes a final judgment on the merits); *Mills v. Lincoln Cty.*, 262 Mont. 283, 286, 864 P.2d 1265, 1267 (1993) (summary judgment is, for purposes of claim preclusion, a final judgment on the merits).

¶11     The District Court did not err in determining Thorco's claims based on the settlement agreement (Count I) were barred by issue preclusion. (1) Thorco's claim is based on WCU failing to deposit the executed documents in an escrow account—an issue resolved in DV-18-336D and affirmed on appeal by this Court; (2) final judgment was

5

entered in favor of WCU by the District Court in DV-18-336D, and affirmed by this Court; (3) as the sole shareholders of Thorco, the Thorntons are in privity with Thorco, *see Adams v. Two Rivers Apts., LLLP*, 2019 MT 157, ¶ 13, 396 Mont. 315, 444 P.3d 415 (quotations omitted) ("Privity exists where two parties are so closely aligned in interest that one is the virtual representative of the other."); and (4) the party against whom preclusion is asserted, Thorco, was afforded a full and fair opportunity to litigate the issue through the Thorntons, as sole shareholders of the corporation.  *See Adams*, ¶ 13.

¶12    All elements of claim preclusion and issue preclusion being satisfied, the District Court correctly granted WCU's motion to dismiss.

¶13    The District Court did not abuse its discretion by declaring Thorco a vexatious litigant and imposing a pre-filing and pre-recording order.

¶14    Although Montana does not have a statute authorizing the imposition of sanctions upon vexatious litigants, our common law has developed such authority.  *Stokes v. First Am. Title Co. of Mont., Inc.* 2017 MT 275, ¶ 4, 389 Mont. 245, 406 P.3d 439 (citing *Motta v. Granite Cty. Comm'rs*, 2013 MT 172, ¶¶ 19-23, 370 Mont. 469, 304 P.3d 720). A five-factor test is utilized to determine whether a pre-filing order is justified:

> (1) the litigant's history of litigation and, in particular, whether it has entailed vexatious, harassing, or duplicative lawsuits;
> (2) the litigant's motive in pursuing the litigation; e.g., whether the litigant has an objective, good faith expectation of prevailing;
> (3) whether the litigant is represented by counsel;
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and court personnel; and
> (5) whether other sanctions would be adequate to protect the courts and other parties.

*Stokes*, ¶ 4.

6

¶15 The District Court substantively analyzed each *Stokes* factor. The District Court noted that Thorco and the Thorntons filed duplicative lawsuits, filed and then dismissed multiple bankruptcies for the purpose of manipulating the litigation, lacked good faith in pursuing litigation, and were represented by "many counsel" throughout the litigation, including their bankruptcies and their appeals to this Court. The District Court noted that the litigation has caused needless expense and unnecessary burdens on the judicial system, "particularly where the same parties are doing the relitigating and one keeps winning while the other keeps losing." Having conscientiously gone through the history of this saga and analyzing each of the first four *Stokes* criteria, the District Court concluded that no other sanction "other than a declaration of vexatious litigant with pre-filing and [pre-]recording orders would be adequate at this time to protect the Court, WCU and the integrity of the process."

¶16 The District Court did not act arbitrarily or without conscientious judgment in declaring Thorco a vexatious litigant.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

7

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR