FILED

09/28/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0611

DA 20-0611

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 253

TERRY WALLACE,

      Plaintiff and Appellant,

   v.

LAW OFFICES OF BRUCE M. SPENCER, PLLC,
LPH, INC., a Montana Corporation, GEISZLER
STEELE, PC, and John Does 1-5,

      Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
                  In and For the County of Lewis and Clark, Cause No. ADV 2020-245
                  Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Terry A. Wallace, Self-represented, Missoula, Montana

        For Appellees:

        Mikel L. Moore, Moore, Cockrell, Goicoechea & Johnson, P.C., Kalispell,
        Montana (for Law Offices of Bruce M. Spencer, PLLC)

        Jon A. Wilson, Brown Law Firm, P.C., Billings, Montana (for LPH, Inc.)

        David J. Steele, II, Timothy D. Geiszler, Geiszler Steele, PC, Missoula,
        Montana (for Geiszler Steele, PC)

Submitted on Briefs:  August 11, 2021

Decided:  September 28, 2021

Filed:

                          _____
                                      Clerk

Justice Jim Rice delivered the Opinion and Order of the Court.

¶1      In this appeal, Appellant Terry Wallace (Wallace) challenged a summary judgment order entered by the First Judicial District Court dismissing his claims against Appellees LPH, Inc., Law Offices of Bruce M. Spencer, PLLC, and Geiszler Steele, PC (Appellees), as well as the District Court's order declaring Wallace to be a vexatious litigant subject to a pre-filing requirement in the First Judicial District.  In an Opinion entered in conjunction herewith, we affirmed the District Court's summary judgment order, as well as its order declaring Wallace a vexatious litigant for purposes of the First Judicial District.  *Wallace v. Law Offices of Bruce M. Spencer*, 2021 MT 252N, __ Mont. __, __ P.3d __, 2021 Mont. LEXIS __, DA 20-0611.

¶2      Appellees' briefing also requested an order declaring Wallace to be a vexatious litigant on a statewide basis, arguing that "Mr. Wallace's vexatious conduct has not been limited to the Montana First Judicial District Court, and a pre-filing [o]rder by this Court is necessary to protect courts around the state."  In his reply brief, Wallace continues to contest the District Court's vexatious litigant determination, but he does not directly address the merits of Appellees' request for a statewide order.

¶3      Every person is guaranteed access to the courts of Montana by the Montana State Constitution.  Mont. Const. art. II, § 16 ("Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. . . .  Right and justice shall be administered without sale, denial, or delay.").  However, we have also recognized that the right to access the courts is not absolute and may be limited for purposes bearing a rational relationship to legitimate state interests, including "protecting other

2

parties from the unnecessary expense of litigating" against a vexatious litigant and "protecting the courts from the unnecessary expenditure of judicial resources" in such cases. *Stokes v. First Am. Title Co. of Mont., Inc.*, 2017 MT 275, ¶¶ 3, 13, 389 Mont. 245, 406 P.3d 439 (citing *Peterson v. Great Falls Sch. Dist. No. 1 & A*, 237 Mont. 376, 380, 773 P.2d 316, 318 (1989)). Every court has the power to "provide for the orderly conduct of proceedings before it," § 3-1-111(3), MCA, and the "discretion to meet the circumstances" caused by disruptive litigants. *Illinois v. Allen*, 397 U.S. 337, 343, 90 S. Ct. 1057, 1061 (1970); *accord State v. Hartsoe*, 2011 MT 188, ¶ 25, 361 Mont. 305, 258 P.3d 428. The Montana State Constitution grants this Court "general supervisory control over all other courts," Mont. Const. art. VII, § 2, and the Montana Rules of Appellate Procedure afford this Court discretion, whether upon "a motion to dismiss, a request included in a brief, or sua sponte," to sanction frivolous or vexatious conduct by imposing a "penalty as the supreme court deems proper under the circumstances." M. R. App. P. 19(5). Pursuant to this Rule, "[t]his Court may sanction a litigant, including [with] the imposition of a pre-filing order, for vexatious litigation conduct." *McCann v. McCann*, 2018 MT 207, ¶ 38, 392 Mont. 385, 425 P.3d 682; *see, Stokes*, ¶ 4.

¶4    We utilize a five-factor test to consider whether a pre-filing order is justified:

> (1) the litigant's history of litigation and, in particular, whether it has entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; e.g., whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and court personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

3

*McCann*, ¶ 38 (citing *Stokes*, ¶ 4, and *Motta v. Granite Cty. Comm'rs*, 2013 MT 172, ¶ 20, 370 Mont. 469, 304 P.3d 720). A district court does not abuse its discretion if its pre-filing order is supported by detailed findings that address these factors. *Boushie v. Windsor*, 2014 MT 153, ¶ 19, 375 Mont. 301, 328 P.3d 631.

¶5 Under the first factor, Wallace's history of filing vexatious lawsuits and engaging in harassing litigation behavior is well documented. In *Serrania v. LPH, Inc.*, 2015 MT 113, ¶¶ 4-5, 9-10, 379 Mont. 17, 347 P.3d 1237 (*Serrania I*), he claimed for his client damages of $650,000 arising from the attempted collection in Justice Court of an unpaid $1,112.13 dental bill, a sum in excess of 500 times the original bill. He was noncompliant with and extremely abrasive to the parties during the discovery process, and he was disruptive and disrespectful to the District Court. *Serrania I*, ¶¶ 7-9. Wallace's behaviors led to the imposition of M. R. Civ. P. 11 sanctions. *Serrania I*, ¶ 34. Refusing to acknowledge any fault or error on his part, Wallace flouted the legal system, cowardly ran from legal process and the consequences of his actions, and failed to pay the sums due for the sanctions, even after being suspended from the practice of law. Wallace's abrasive and hostile behavior was present throughout his disciplinary proceeding, evidenced by the finding of the Commission on Practice that Wallace's continuing "belief – expressed throughout the hearing – that he knows more than other lawyers and judges" would likely result in Wallace continuing his destructive behavior. *See In the Matter of Terry A. Wallace*, PR 17-0245, Order of Discipline (Mont. Oct. 30, 2018). Wallace filed a frivolous federal suit against the District Court judges who presided over the *Serrania I & II* trial proceedings, the individual justices of this Court, and the State of Montana, for alleged

4

civil rights violations, which was dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Wallace v. Montana*, No. DV-18-013 RJB, 2019 LEXIS 60606, at \*15 (D. Mont. Apr. 8, 2019). Finally, Wallace behaved inappropriately and with hostility throughout his entire appeal, offering little or no evidence to support his arguments and instead made unsupported *ad hominem* attacks, including describing the Appellees' proffered arguments as "stupid" and "idiotic," calling this Court a "woefully pathetic body," and describing the District Court's rulings in *Serrania I* as "besotted squealings" based on "bias, blundering, or booze."

¶6 There is clear evidence under the second factor that Wallace's actions have not been taken with an objectively good faith expectation of prevailing on the merits, but rather to burden and harass the parties, court personnel, and the courts by his tactics. Despite the absurdity of his claims and the obvious disruption and disrespect of his actions, Wallace recklessly pursued the *Serrania* litigation and the related federal litigation. Despite the propriety of the proceedings to collect the judgment undertaken by Spencer, as we have discussed in the Opinion filed herewith, Wallace filed abuse of process, intentional infliction of emotional distress, and civil conspiracy claims that he justifies by his purported "extreme anxiety about what the [Montana Bar Association] cabal had in mind for [his son] Dr. Wallace[.]" Wallace's briefs are littered with unprofessional, baseless, and offensive rants, including that "the right to oral argument on summary judgment in Montana is a popularity contest" and that success in the courts is reserved for "bar association officers, lobbyists and/or judges' association darlings[.]" Such remarks are representative of Wallace's filings: groundless, paranoidal, and hostile.

5

¶7      Factor three also favors finding that Wallace is a vexatious litigant.  Wallace began as counsel for Serrania, then represented himself before and after he was suspended from the practice of law.  The fact that Wallace was a member of the Bar "makes [his] litigation conduct even less excusable, because [he] [him]self was an attorney licensed to practice law in Montana, and should have known to not repeatedly initiate unsupported claims." *McCann*, ¶ 42.  Through legal training and years of experience, Wallace was clearly able to recognize that his actions—positing baseless allegations, filing frivolous lawsuits, engaging in name-calling and other toxic behaviors—were improper and would not be tolerated, yet he relentlessly pursued this course.

¶8      The behavior described above applies as well to the fourth factor's focus on needless expense and unnecessary burden to parties and the courts.  Wallace's poor decisions have unnecessarily expanded an initially simple matter into extensive litigation, causing needless expense and waste of time.  The *Serrania* sanctions were imposed in an attempt to make the affected parties whole from Wallace's damaging actions.  Wallace ostensibly revels in this wastefulness, indicated by statements in his briefs, such as "Wallace has paid his filing fee in full.  This Court works for Wallace.  It's his case.  He likes these cases[.]"

¶9      The final factor supports imposition of a statewide pre-filing order as it is obvious that lesser sanctions have not and will not adequately protect the courts and other parties, as demonstrated by Wallace's reaction to the *Serrania* sanctions.   Wallace has demonstrated that a monetary penalty will give him no pause before filing additional frivolous motions and claims.  He has done so in more than one judicial district.  Accordingly, we conclude that all factors weigh in favor of Appellees' request to declare

6

Terry Wallace a vexatious litigant and impose upon him a statewide pre-filing order, which is necessary to further legitimate state interests. Therefore,

¶10     IT IS HEREBY ORDERED that Appellees' request to declare Terry Wallace a vexatious litigant statewide is GRANTED. Before Wallace can file any document before any court in the State of Montana, he shall be required to obtain pre-filing approval from the court in which he seeks to file. The court may prohibit any such filing upon a determination that the claims asserted are harassing, frivolous, or not legally cognizable.

¶11     The Clerk of this Court is directed to provide copies of this Order to counsel of record, all Montana courts, the State Bar of Montana, the Office of Disciplinary Counsel, and to Terry Wallace, personally.

DATED this 28th day of September, 2021.


/S/ JIM RICE


We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR